NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2257-15T1

KEARNY FEDERAL SAVINGS BANK,

 Plaintiff-Respondent,

 v.

DIANE ROBERTS, LLC; ROBERT
SCHROEDER; STATE OF NEW JERSEY;
FRANK GRASSO; and STEVEN L. WONG,

 Defendants-Respondents.

____________________________________

GRACE S. WONG,

 Appellant.
____________________________________

 Submitted October 17, 2017 – Decided October 27, 2017

 Before Judges Fisher and Fasciale.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Ocean County,
 Docket No. F-026028-12.

 Grace S. Wong, appellant pro se.

 Respondents have not filed briefs.

PER CURIAM
 This foreclosure action was commenced in 2012. In its

complaint, plaintiff Kearny Federal Savings Bank alleged that

defendant Roberts LLC defaulted on a note for the repayment of

$950,000; Kearny asserted its right, via a mortgage recorded in

2009, to foreclose on Roberts' Toms River property. The complaint

also named as a defendant Steven L. Wong, alleging he, as well as

other defendants, may have possessed subordinate interests on the

property.

 During the course of the trial court proceedings, appellant

Grace S. Wong asserts that she received an assignment from Steven

L. Wong of the rights he possessed by way of a mortgage recorded

in his favor on the property in 2011. Her assignment was allegedly

recorded in 2013. Grace seeks to vindicate her alleged rights by

way of this appeal. Because the trial court's disposition of

Grace's assertions was, at best, unclear, we vacate the orders in

question and remand for further proceedings.

 In explaining the grounds for our decision, we first observe

that the record on appeal may not contain all that is relevant to

Grace's arguments. The record, for example, contains a motion

filed by Kearny for entry of a final judgment of foreclosure but

does not contain a copy of any final judgment that may have been

entered. The record also includes an assignment of Kearny's rights

 2 A-2257-15T1
to another junior lienholder, Frank Grasso. And neither Kearny nor

Grasso have appeared in this appeal.

 We discern from what has been presented that Grace argues

Steven's interests – to which she claims to have acceded – had

priority over Kearny's, to which Frank Grasso acceded. She also

argues that the trial court made rulings in derogation of an

applicable bankruptcy stay. In making these arguments, Grace

specifically seeks our review of a January 8, 2016 trial court

order that denied her motion to amend a November 20, 2015 order,

which denied a motion to reconsider. To examine the validity of

these orders we must go back even further in the record.

 The judge we will refer to as the third judge,1 who entered

the January 8, 2016 order, explained only – in a statement

appearing within the body of the order – that Grace's application

was denied with prejudice because it was "essentially [seeking]

reconsider[ation]" of the second judge's September 18, 2015 order.

 The second judge explained his ruling in a cogent written

opinion. From that opinion, we learn that Grace successfully moved

1
 Because of the confusing procedural history and the involvement
of at least three judges in this case, we will refer to the judge
who entered the order under review as "the third judge." The third
judge, as we have observed, entered the order in reliance on
another judge's September 18, 2015 order and decision; we refer
to that judge as "the second judge." And in his ruling, the second
judge referred to the rulings of an earlier judge, who we will
refer to as "the first judge."

 3 A-2257-15T1
to intervene in 2013 but did not file an answer as required by a

September 12, 2013 order, which was entered by the first judge.

Soon after the September 12, 2013 order, the first judge denied

another request by Grace to intervene; the first judge so ruled

because defendant Roberts LLC was involved in bankruptcy

proceedings. The first judge's order stated that "[i]n the event

the [b]ankruptcy stay is lifted" this litigation "may proceed" and

Grace "may refile the motion to intervene."

 The second judge's September 18, 2015 written opinion

recognizes there were two motions before him – one by Frank Grasso

to be substituted for Kearny and the other by Grace to intervene.

The former was granted because the only opposition, which came

from Grace, was found irrelevant because, according to the second

judge, she did not have standing to complain of the substitution.

The latter was denied because the second judge found that Grace

did "not provide[] sufficient evidence that intervention is

necessary at this time." The order then entered, however, refers

only to Frank Grasso's motion to substitute for Kearny; the order

provides no disposition of Grace's motion.

 Coming full circle, the third judge's order denying

intervention – that which is before us – relies on the second

judge's reasoning for denying Grace's earlier motion to intervene.

In fact, the second judge only determined, for reasons that elude

 4 A-2257-15T1
us, that intervention was not "necessary at th[at] time," and no

order was entered one way or the other.

 Based only on what is before us, we reverse the January 8,

2016 order under review2 and remand for further proceedings

regarding Grace's attempts to intervene. Whatever form the remand

proceedings take, the trial court should offer the interested

parties an opportunity to fully assert their positions regarding

Grace's attempts to intervene and provide a thorough explanation

for the court's disposition of that question.

 Reversed and remanded. We do not retain jurisdiction.

2
 The record on appeal also contains a March 30, 2016 order that
appears nearly identical to the January 8, 2016 order. Because the
former was entered after this appeal was filed, the trial court
lacked jurisdiction to enter it, R. 2:9-1(a); the March 30 order
is hereby vacated for that reason. For what it's worth, the March
30 order adds nothing to our understanding of this matter or the
reasons for the court's repeated denial of Grace's attempts to
intervene.

 5 A-2257-15T1